**RETIREMENT FUND OF the FUR MANUFACTURING INDUSTRY, Plaintiff,**

v.

**ROBERT GOLDBERG FURS, INC. and Robert Goldberg, Defendants.**

No. 88 Civ. 6033 (JES).

United States District Court, S.D. New York.

Jan. 23, 1991.

Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for plaintiff; Rodney F. Page, Ronald L. Castle, Scott A. Halpert, of counsel.

Robert Goldberg, Flushing, N.Y., pro se.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Retirement Fund of the Fur Manufacturing Industry (the "Fund") brought this action to collect payments of withdrawal liability under the Employee Retirement Income Security Act of 1974, ("ERISA"), *as amended by* the Multiemployer Pension Plan Amendments Act of 1980 (the "Multiemployer Act"), 29 U.S.C. § 1001 *et seq.* (1982). The following shall constitute the Court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

### FACTS

In January 1988, the Fund assessed withdrawal liability against Robert Goldberg Furs, Inc. (the "Corporation") in the amount of $24,041.06, and no payments have been made to date. The withdrawal liability arises from the cessation of contri-

---

butions to the Fund by the Corporation in 1984. Subsequent to the filing of the complaint, the Fund was advised that the Corporation had been dissolved and its assets distributed to shareholders. The Fund contends that the Corporation is in default and consequently the Fund is entitled to judgment against the Corporation for the full amount of withdrawal liability pursuant to 29 U.S.C. § 1399(c)(5), and to a judgment against Robert Goldberg, the shareholder to whom assets in the amount of $22,775.00 were distributed. Mr. Goldberg's defense is that the funds he withdrew were partial payment of back wages owed to him by the Corporation since he did not collect wages as President of the Corporation for the two years prior to its dissolution.

## DISCUSSION

■ The Multiemployer Act imposes liability for unfunded vested pension benefits on employers that withdraw from multiemployer pension plans. *See ILGWU Nat'l Retirement Fund v. Levy Bros. Frocks, Inc.*, 846 F.2d 879 (2d Cir.1988). The Corporation has not disputed the Fund's right by law to withdrawal liability from the Corporation or the merits of the withdrawal liability assessment. Moreover, the Corporation could not now do so because it failed to timely follow the statutory review and arbitration process to challenge this liability. *See* 29 U.S.C. §§ 1399 & 1401. Accordingly, since the dissolution of the Corporation "indicates a substantial likelihood that [the Corporation] will be unable to pay its withdrawal liability," the Corporation is in default and the Fund is entitled to the immediate payment of the outstanding amount of the assessed liability plus interest. 29 U.S.C. § 1399(c)(5)(B).

■ However, the Corporation was dissolved in 1986 and has no assets. At the time of dissolution, Mr. Goldberg, as the sole remaining shareholder and officer, caused the Corporation to distribute to himself amounts totalling approximately $16,070.00, which assets represented proceeds from the collection of the Corporation's accounts receivable, sale of the Corporation's inventory, and closure of the Corporation's bank account. Additionally, prior to dissolution, Mr. Goldberg owed the Corporation $6,705.00, which was never repaid. Although Mr. Goldberg contends that these funds were distributed as deferred wages for the years 1984 and 1985, the record reveals that there was no expectation of repayment for the years that Mr. Goldberg did not take wages. Moreover, there is no evidence of any agreement between the Corporation and Mr. Goldberg that calls for the deferral of compensation. Also, the Corporation was an accrual-basis taxpayer and the Corporation's final tax return for 1985 does not show any accrued but unpaid wage payments to Mr. Goldberg.

It follows that, as required by New York law, the assets distributed to Mr. Goldberg must be deemed held in trust by him for the benefit of the corporation's creditors. *See* N.Y.Bus.Corp.Law § 1005 (McKinney's 1986); *Retirement Fund of the Fur Mfg. Indus. v. Getto & Getto, Inc.*, 714 F.Supp. 651 (S.D.N.Y.1989); *Plastic Contact Lens Co. v. Frontier of Northeast, Inc.*, 324 F.Supp. 213 (W.D.N.Y.1969), *aff'd*, 441 F.2d 67 (2d Cir.), *cert. denied*, 404 U.S. 881, 92 S.Ct. 196, 30 L.Ed.2d 162 (1971); *Rodgers v. Logan*, 121 A.D.2d 250, 503 N.Y.S.2d 36 (1st Dep't 1986).

## CONCLUSION

Accordingly, the Court concludes that the Fund is entitled to judgment against the Corporation for the full amount of withdrawal liability of $24,041.06 and that defendant Robert Goldberg is liable in the amount of $22,775.00 for withdrawal payments, plus interest, liquidated damages and reasonable attorneys' fees as provided in 29 U.S.C. § 1132(g)(2) (1988). Plaintiff shall submit a proposed judgment to the Court on notice to the defendant within 20 days of the date of this Memorandum Opinion and Order.

It is SO ORDERED.